Exhibit A



# IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 20CN-CC00065 | *FILED*<br>*10/14/2020*<br>*ANGELIA STONE*<br>*CIRCUIT CLERK*<br>*EX-OFFICIO RECORDER*<br>*CLINTON CO, MO* |
| Plaintiff/Petitioner:<br>MICHAEL BAKER<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 | |
| Defendant/Respondent:<br>TGRC THE GATES CORPORATION | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **TGRC THE GATES CORPORATION**
Alias:

C/O C T CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

**COURT SEAL OF**

**CLINTON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

10/14/2020
_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

### Sheriff's Fees, if applicable

| | | |
| --- | --- | --- |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-376**    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:20-cv-06172-JAM   Document 1-2   Filed 11/24/20   Page 2 of 22

Electronically Filed - Clinton - October 08, 2020 - 09:28 AM

**IN THE CIRCUIT COURT OF CLINTON COUNTY, MISSOURI**

| | |
|---|---|
| **MICHAEL BAKER,** ) | |
| Individually And On Behalf Of ) | |
| All Others, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **TGRC THE GATES CORPORATION** ) | |
| **Registered Agent:** ) | |
| **C T Corporation System** ) | |
| **120 South Central Avenue** ) | |
| **Clayton, MO   63105** ) | |
| ) | |
| ) | |
| Defendant. ) | |

<u>**PETITION**</u>

**COMES NOW** the Plaintiff, Michael Baker, by and through his attorneys, and

brings the following complaint against Defendant, TGRC The Gates Corporation,

("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

<u>**PRELIMINARY STATEMENTS**</u>

1.      Plaintiff brings this action against Defendant for violations of the FCRA.

2.      Defendant obtained information concerning the Plaintiff from Truework.

3.      Defendant paid a fee to Truework for the information it obtained concerning the

Plaintiff.

4.      The information obtained from the third party concerning the Plaintiff was a

Consumer Report (as a Consumer Report is defined pursuant to the FCRA).

5.      Defendant relies on information in Consumer Reports to make decisions

regarding prospective or current employees.

6.      Defendant relies on information in Consumer Reports, in whole or in part, as a

basis for adverse employment action; such as a refusal to hire and/or termination.

7.  Plaintiff asserts FCRA claims against Defendant on behalf of himself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8.  On behalf of himself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

9.  Plaintiff is a resident of Columbia, Missouri. Plaintiff is a member of the Putative Classes defined below.

10. Defendant is a foreign company doing business in Missouri and throughout the United States.

## JURISDICTION AND VENUE

11. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

12. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14. Plaintiff applied in person for employment with Defendant in or about August of 2020.

15. Plaintiff completed the employment application and had an interview with Defendant.

16. Plaintiff completed the consumer report request form attached as Exhibit 1.

Electronically Filed - Clinton - October 08, 2020 - 09:28 AM

17. The Disclosure Form was confusing to the Plaintiff.

18. The Disclosure Form contained multiple pieces of information and the Plaintiff could not understand the purpose of the Form.

19. The Disclosure Form was used by the Defendant to procure a Consumer Report on the Plaintiff.

20. Plaintiff did not know that the intent of the disclosure form was to provide the Defendant with complete access to his personal information.

21. Plaintiff had a second interview with Defendant.

22. Defendant ran a consumer report on Plaintiff.

23. Approximately two days after the second interview, Plaintiff received a phone call and was told that Defendant could not hire him due to his Consumer Report.

24. Plaintiff was never provided a copy of the Consumer Report.

25. Denying the Plaintiff a job because of information in his Consumer Report is an adverse action (as an adverse action is defined pursuant to the FCRA).

26. Plaintiff did not receive a copy of the Consumer Report prior to the adverse action and has never received a copy of the Consumer Report.

27. Plaintiff was not provided with a reasonable amount of time to challenge or address the information in his Consumer Report.

28. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based on information in her Consumer Report.

29. Plaintiff did not fully understand his FCRA rights and did not know how or if he could properly challenge the adverse action.

30. Defendant's sudden denial of employment caused the Plaintiff to suffer stress,

anxiety, lost compensation, and lost opportunity.

31. Defendant's denial of employment prior to the receipt of the Consumer Report and the FCRA Summary of Rights left the Plaintiff confused regarding the ability to address any the information in the Consumer Report.

32. Plaintiff may have been able to retain employment if given the proper opportunity to address the information in the Consumer Report.

33. Defendant contracted with Truework that it would provide a copy of the Consumer Report and a copy of the FCRA Summary of Rights before any adverse action was taken based in whole or in part on information contained within a Consumer Report.

34. On information and belief the agreement(s) made between the Defendant and the Consumer Reporting Agency contain promises that require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(3).

## CLASS ACTION ALLEGATIONS

35. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

36. Plaintiff asserts the following proposed class defined as:

**ADVERSE ACTION CLASS:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after October 8, 2018, that was based, in whole or in part, on information contained in a Consumer Report, and who were not provided a copy of such report, a reasonable notice period in which to address the information contained in the Consumer Report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

**Proposed Improper Disclosure Class:** All employees or prospective employees of Defendant in the United States who were subject of a consumer report that was obtained by Defendant on or after October 8, 2018, and who executed the Defendant's FCRA disclosure form(s).

**Proposed Authorization Class:** All employees or prospective employees of

Defendant in the United States who were subject of a consumer report that was obtained by Defendant on or after October 8, 2018, and who did not authorize the procurement of a consumer report by the Defendant.

**Numerosity**

37.     The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to evaluate individuals for employment purposes. Defendant relies on the information contained it said Consumer Reports, in whole or in part, as a basis for adverse employment action. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

**Common Questions of Law and Fact**

38.     Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

a.      Whether Defendant uses Consumer Report information to conduct adverse actions on employees and prospective employees;

b.      Whether Defendants' disclosure form violates the FCRA;

c.      Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a Consumer Report, without first providing a copy of the report to the affected individuals;

d.      Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to explain the contents of the consume report or cure any inaccuracy within the Consumer Report prior to the adverse employment action;

e.      Whether Defendant's violations of the FCRA were willful;

f.      The proper measure of statutory damages and punitive damages.

### Typicality

39.    Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant obtains Consumer Reports on individuals before and/or without providing proper disclosure or obtaining authorization. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees, but fails to provide the consumer report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

40.    Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

41.    A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

42. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

43. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

44. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will

not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

45. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

<u>**FCRA VIOLATIONS**</u>
<u>**COUNT I**</u>

**Adverse Action Violations**

46. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

47. Defendant obtained a "Consumer Report," as defined by the FCRA, concerning the Plaintiff.

48. Defendant used a Consumer Report, as defined by the FCRA, to take adverse employment action against the Plaintiff, and on information and belief, other members of the adverse action class.

49. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the Consumer Report that was used to take adverse employment action against them prior to the adverse action.

50. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to address the information in the Consumer Report, explain the information in the Consumer Report, and/or or cure any inaccuracies within the Consumer Reports prior to the adverse action.

51. Had Defendant complied with the FCRA, Plaintiff would have been given a copy

of the Summary of Rights.

52.     Had Defendant complied with the FCRA, Plaintiff would have been given more time to review, dispute and/or address the information contained in the Consumer Report.

53.     Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that was present within the Consumer Report before being denied employment.

54.     Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the Consumer Report.

55.     The Defendant's failure to provide the Plaintiff a copy of the Consumer Report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the Consumer Report.

56.     Being provided a copy of the Consumer Report before termination, in compliance with the FCRA, would have helped the Plaintiff understand what information the Defendant was using against his.

57.     A copy of the Summary of Rights before denied employment would have helped the Plaintiff understand what his rights were and would have provided valuable information that may have assisted the Plaintiff in maintaining employment.

58.     Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

59.     The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other individuals under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other

things, the following facts:

a.      Defendant has access to legal advice through outside employment counsel;

b.      The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

c.      15 U.S.C. §1681-1681y, addresses the requirement of obtaining and using a Consumer Report.

60.      Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

61.      Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

62.      Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

<div align="center">

**COUNT III**
**Failure to Obtain Proper Authorization in Violation of FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(ii)**

</div>

63.      Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

64.      The Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Putative Class members without proper authorization.

65.      The Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

66.      The Defendant's willful conduct is reflected by, among other things, the facts previously set forth.

67.      Plaintiff and the Putative Class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these

violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

68. Plaintiff and the Putative Class members are also entitled to punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

69. Plaintiff and the Putative Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT III
### Failure to Make Proper Disclosure in Violation of FCRA

70. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

71. Defendant violated the FCRA by the use of a disclosure form that failed to provide a disclosure due to the confusion caused by the form.

72. Defendant's disclosure form contains a waiver of liability in violation of the FCRA.

73. Defendant's form is not clear and conspicuous due to the additional information.

74. Defendant's form violates FCRA's "standalone document" requirement by the inclusion of other information such as the liability waiver and statements of law that are incomplete or inaccurate.

75. The foregoing violations were willful.

76. Defendants knew that the disclosure form should consist of no more than the disclosure to obtain a consumer report and authorization to obtain a consumer report.

77. The Defendants' willful conduct is reflected by, among other things the following facts:

78. Defendants are large corporations with access to legal advice through Iowa 80's

own General Counsel's office and outside employment counsel;

79. Defendants have ignored the plain unambiguous language of the FCRA and regulatory guidance from FTC Informal Staff Opinions;

80. Defendants' disclosure is not a standalone document consisting solely of the disclosure; and

> The FCRA requires consumer reporting agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports, despite such knowledge Defendants persisted in the conduct that violated the Plaintiff and Putative Class members' rights under the FCRA.

81. Plaintiff and the Putative Class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

82. Plaintiff and the Putative Class members are also entitled to punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

83. Plaintiff and the Putative Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a. Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c. Order directing proper notice to be mailed to the Putative Class at Defendants' expense;

d.     Order finding that Defendants committed multiple, separate violations of
       the FCRA;

e.     Order finding that Defendants acted willfully in deliberate or reckless
       disregard of Plaintiff's rights and its obligations of the FCRA;

f.     Order awarding statutory damages and punitive damages as provided the
       FCRA;

g.     Order awarding reasonable attorneys' fees and costs as provided by the
       FCRA; and

h.     Order granting other and further relief, in law or equity, as this Court may
       deem appropriate and just.

## **Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all causes of action and claims with

respect to which Plaintiff and all members of the proposed class have a right to jury trial.

Respectfully submitted,

By: /s/ C. Jason Brown
Charles Jason Brown KS 70700
Jayson A. Watkins KS 78463
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Clinton - October 08, 2020 - 09:35 AM

## IN THE CIRCUIT COURT OF CLINTON COUNTY, MISSOURI

| | |
|---|---|
| **MICHAEL BAKER,** ) | |
| Individually And On Behalf Of ) | |
| All Others, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **TGRC THE GATES CORPORATION,** ) | |
| Defendant. ) | |

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE THAT Plaintiff requests that Defendant produce for inspection and copying the documents described below. Production shall be made at the office of Plaintiff's attorneys, C. Jason Brown and Jayson A. Watkins, Brown & Watkins LLC; 301 S. US 169 Hwy; Gower Missouri 64454, within the time prescribed by the applicable rules of civil procedure or at such other time and place as may be mutually agreed.

If there are documents responsive to any of the foregoing Requests which Defendant refuses to produce, please define or designate the documents in your Response with sufficient particularity, pursuant to the Federal Rules of Civil Procedure, to allow us to make a motion for a court order to require production of these documents.

PLEASE TAKE NOTICE THAT Plaintiff will object to the introduction at trial of any document which is not produced in response to the foregoing Requests and to any evidence about any requested document which has not been revealed by an appropriate response to this Request for Production of Documents.

Plaintiff will at the time of trial move the court for an order excluding from evidence all tangible or intangible things known to you at the time of your responses to these Requests and Interrogatories not disclosed in your response thereto.

Electronically Filed - Clinton - October 08, 2020 - 09:35 AM

## **REQUESTS FOR PRODUCTION**

**Request No. 1:**  Any and all documents the Defendant used to disclose to the Plaintiff that a consumer report would be procured for employment purposes.

**Response:**

**Request No. 2:**  Any and all documents in which the Defendant received authorization from the Plaintiff to obtain a consumer report for employment purposes.

**Response:**

Respectfully submitted,

By: /s/ C. Jason Brown
C. Jason Brown MO #49952
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

# IN THE CIRCUIT COURT OF CLINTON COUNTY, MISSOURI

**MICHAEL BAKER,**
Individually And On Behalf Of
All Others,

     Plaintiffs,

vs.

**TGRC THE GATES CORPORATION,**
    Defendant.

)
)
)
)
)
)
)
)
)
)
)

FILED
10/15/2020
ANGELIA STONE
CIRCUIT CLERK
EX-OFFICIO RECORDER
CLINTON CO, MO

Case No.:

**JURY TRIAL DEMANDED**

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process

Server is sustained and Martin Hueckel who is over the age of 18 and not a party to this

action, is hereby appointed to serve process in the above captioned matter.

DATE:_____**Oct 15, 2020**_____

_____
Judge or Circuit Clerk

Electronically Filed - Clinton - October 08, 2020 - 09:35 AM

**IN THE CIRCUIT COURT OF CLINTON COUNTY, MISSOURI**

| | | |
|---|---|---|
| **MICHAEL BAKER,** | ) | |
| Individually And On Behalf Of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **TGRC THE GATES CORPORATION,** | ) | |
| Defendant. | ) | |

**MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

Comes now Plaintiff, by and through counsel, and pursuant to Local Rule of

Clinton County, hereby moves for the appointment of Martin Hueckel as private process

server in the above captioned-matter.   Plaintiff states that Martin Hueckel is over the age

of 18 and is not a party to this action.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFFS

Electronically Filed - Clinton - October 08, 2020 - 09:29 AM

**IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI**

| | |
|---|---|
| **MICHAEL BAKER,** | ) |
| Individually And On Behalf Of | ) |
| All Others, | ) |
| | ) |
|     Plaintiffs, | ) |
| | )   Case No.: |
| vs. | ) |
| | ) |
| **TGRC THE GATES CORPORATION** | **)** |
|     Defendant. | ) |

## ENTRY OF APPEARANCE

**COMES NOW** Jayson Watkins and hereby enters his appearance as counsel of record

for Plaintiff and those similarly situated in the above captioned matter.

Respectfully submitted,

By: /s/ Jayson A. Watkins
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Clinton - November 09, 2020 - 03:52 PM



## IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 20CN-CC00065 | *FILED*<br>*10/14/2020*<br>*ANGELIA STONE*<br>*CIRCUIT CLERK*<br>*EX-OFFICIO RECORDER*<br>*CLINTON CO, MO* |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL BAKER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 | |
| Defendant/Respondent:<br>TGRC THE GATES CORPORATION | Court Address:<br>207 NORTH MAIN | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | PLATTSBURG, MO 64477 | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: TGRC THE GATES CORPORATION
Alias:

C/O C T CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

**COURT SEAL OF**

**CLINTON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

10/14/2020
_____ Date        _____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_Branco Cox_ (name) _POS INTAKE SPEC_ (title).

☐ other: _____

Served at _120 S. Central Ave, Clayton, MO 63105_ (address)
in _St Louis_ (County/City of St. Louis, MO, on _11/02/2020_ (date) at _155 pm_ (time).

_Martin Hueckel_                    _Martin Hueckel_
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _11/5/2020_ (date).

*(Seal)*

My commission expires: _1/28/23_        _Shelby Roberts_
Date                    Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | SHELBY ROBERTS<br>My Commission Expires<br>January 28, 2023<br>St. Louis County<br>Commission #19503579 |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ (_____ miles @ $_____ per mile) | |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-376          1 of 1          Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Clinton - November 09, 2020 - 03:52 PM

## AFFIDAVIT OF SERVICE

State of Missouri                    County of Clinton                    **Circuit Court**

Case Number: 20CN-CC00065

Plaintiff/Petitioner:
**MICHAEL BAKER, individually and on behalf of all others**

vs.

Defendant/Respondent:
**TGRC THE GATES CORPORATION**

Received by HPS Process Service & Investigations to be served on TGRC The Gates Corporation, c/o CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the 2nd day of November, 2020 at 1:55 pm, I:

Served the within named establishment by delivering a true copy of **Summons in Civil Case; Petition; First Request for Production of Documents; Order for Appointment of Private Process Server; and Motion for Appointment of Private Process Server** to Bonnie Love, Intake Specialist at the address of 120 South Central Avenue, Clayton, MO 63105.

I am over the age of eighteen, and have no interest in the above action.


**MARTIN HUECKEL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Subscribed and Sworn to before me on the __5__ day
of __November 2020__ by the affiant who is
personally known to me.

NOTARY PUBLIC

SHELBY ROBERTS
My Commission Expires
January 28, 2023
St. Louis County
Commission #19503579

Our Job Serial Number: HAT-2020020935

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t